IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA    2010 MAR 18 AM 11: 36

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN BRANDON KITCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-010 |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES; EDNA FARMER, Nurse; | ) | |
| FNU LEE, Nurse; and FNU WAY, Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta-Richmond County Law Enforcement Center ("the Jail") in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on February 25, 2010, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 6). Plaintiff has submitted his amended complaint (doc. no. 7), and it is this document that the Court will now screen.

# I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. In his amended complaint, Plaintiff names as Defendants: (1) Edna Farmer, Nurse at the Jail; (2) FNU Lee, Nurse at the Jail; and (3) FNU Way, Nurse at the Jail. (Doc. no. 7, pp. 1, 4). Plaintiff alleges that he began his incarceration at the Jail on May 31, 2009. (Id. at 5). Plaintiff alleges that Defendant Farmer read his sick call slip containing "HIPAA" protected information to other inmates.[1] (Id.). After this alleged incident, according to Plaintiff, the other inmates taunted and threatened Plaintiff's regarding his mental health status. (Id.). As a result of the taunting and threats, Plaintiff was moved to protective custody. (Id.).

Next, Plaintiff maintains that in early October 2009, he injured his left hand. (Id.). He further maintains that even though he submitted multiple sick-call slips, he was not seen by a doctor until his arm became black, blue, swollen, and his knuckles were "displaced." (Id.). Plaintiff maintains that an x-ray of his hand was taken and that Defendant Way told Plaintiff "nothing was wrong." (Id.). Plaintiff asserts that his hand continued to hurt, and therefore, he was taken to the hospital, where it was finally diagnosed that he had a broken hand. (Id.). Plaintiff alleges that if his broken hand had been treated sooner, he "might" have prevented what one of the CMS doctors termed a "dead hand." (Id. at 6). According to Plaintiff, the term "dead hand" refers to when scar tissue is formed from blood pooling over an extended period of time. (Id.). Plaintiff further alleges that as a result of the alleged mistreatment, he has not regained full use of his hand, he has developed carpal tunnel

---

[1]The Court presumes that Plaintiff's reference to HIPAA is a reference to the Health Insurance Portability and Accountability Act.

syndrome, and he is in constant pain. (Id.).

Additionally, Plaintiff alleges that Defendant Farmer refused to accept his sick-call slip concerning his antidepressant medication. (Id.). Plaintiff states that he filled out the sick-call slip because he sought to have his antidepressant medication adjusted. (Id.). However, Defendant Farmer told him that she would not accept the sick-call slip because (1) he had just seen the doctor, and (2) there was a list of inmates who had not yet seen the doctor, but were waiting to do so. (Id.). Concerning his medication, Plaintiff also states that when he went to the hospital he was prescribed Vicodin on an as needed basis. (Id. at 7). However, when he requested the prescription back at the Jail, it was not provided to him. (Id.). Furthermore, Plaintiff indicates that when he was seen by the CMS doctor who diagnosed Plaintiff with "dead hand," that doctor asked Plaintiff if he needed anything for his pain. (Id. at 6). Plaintiff states that Defendant Lee responded to the doctor that he was "fine" and did not need anything. (Id.). However, Plaintiff responded to the doctor that he did need something for the pain. (Id.). Plaintiff maintains that his request went unanswered. (Id.). Finally, Plaintiff also claims that Defendant Farmer has refused to provide inmates with their prescription medication on numerous occasions. (Id. at 6).

## II. DISCUSSION

### A. Defendant Not Named In The Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 6, pp. 4-5) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told

3

that he must name all Defendants in the caption and the body of the amended complaint. (Id.).

Upon review of the amended complaint, the Court finds that Plaintiff no longer names CMS as a Defendant to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendant CMS, this Defendant should be dismissed from this lawsuit.

## B. Defendant Lee

Additionally, *liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim against Defendant Lee for deliberate indifference to a serious medical need.[2] Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999), Plaintiff must allege facts from which one could conclude that Defendants were "subjectively aware of the substantial risk of serious harm" and deliberately ignored it. Farmer v. Brennan, 511 U.S. 825, 834-38 (1994). When subjectively weighing whether prison officials are deliberately indifferent, the courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted). Here, Plaintiff's only statement concerning Defendant Lee is that when he was seen by a CMS doctor, and asked by that doctor whether he needed anything for his pain, Defendant Lee

---

[2]By separate Order, the Court has directed that service of process be effected on Defendants Farmer and Way concerning Plaintiff's claims for deliberate indifference to a serious medical need.

4

responded that he did not. Notably, however, Plaintiff himself indicates that he responded to the doctor that contrary to Defendant Lee's response, he did need some kind of pain relief. (Doc. no. 7, p. 6). Although Plaintiff states that his request went unanswered, Plaintiff fails to show that it was as a result of Defendant Lee's actions. Indeed, he informed the doctor that he did seek some kind of pain relief. Therefore, the doctor was aware that Plaintiff requested some kind of pain relief. As such, if the doctor chose not to prescribe medication for pain relief, it was his decision, not Defendant Lee's. Furthermore, Plaintiff's amended complaint indicates that Defendant Farmer was the individual charged with dispensing the prescribed medication. Nowhere in Plaintiff's amended complaint does he indicated that Defendant Lee at any time was responsible for dispensing medication, let alone that she withheld any prescribed medications from Plaintiff. Therefore, Plaintiff's single statement concerning Defendant Lee does not show deliberate indifference. Accordingly, Plaintiff's deliberate indifference claim against be Defendant Lee should be dismissed from this case.

### C. Claims Regarding Harms To Other Inmates

Next, Plaintiff seems to complain that *other* inmates at the jail were improperly denied medication. Plaintiff does not have standing to raise claims regarding the violation of others' rights. Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("For Article III standing purposes, then, the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." (internal quotation omitted)). Thus, Plaintiff's claim regarding harms allegedly suffered by other inmates should be dismissed.

### D. HIPAA Claim

To the extent Plaintiff claims that Defendant Farmer violated HIPAA by disclosing

is medical information, his claim fails. HIPAA and its provisions do not provide a private right of action.[3] Therefore, Plaintiff's claim that Defendant Farmer violated HIPAA should be dismissed.

## III.  CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants CMS and Lee, Plaintiff's claim against Defendant Farmer regarding the alleged HIPAA violation, as well as Plaintiff's claim regarding harms allegedly suffered by other inmates, be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 18th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Although the Eleventh Circuit has not addressed whether HIPAA provides a private cause of action, other district courts which have addressed the issue have consistently held that it does not. See, e.g., Runkle v. Gonzales, 391 F. Supp.2d 210, 237-38 (D.D.C. 2005); Johnson v. Quander, 370 F. Supp.2d 79, 99-100 (D.D.C. 2005); Brock v. Provident Am. Ins. Co., 144 F. Supp.2d 652, 657 (N.D. Tex. 2001); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F. Supp.2d 1176, 1179-80 (D. Wyo. 2001); Means v. Indep. Life & Accident Ins. Co., 963 F. Supp. 1131, 1135 (M.D. Ala. 1997); Wright v. Combined Ins. Co. of Am., 959 F. Supp. 356, 363 (N.D. Miss. 1997).